1
2
3
4
5
6
7

8  **UNITED STATES DISTRICT COURT**

9  **EASTERN DISTRICT OF CALIFORNIA**

10  FRESNO DIVISION

11
12

13  MARCEL E. IEZZI,
   CDCR #T-82984,
14
                                        Plaintiff,
15

16                    vs.

17
   W. J. SULLIVAN, Warden;
18  CALIFORNIA DEPARTMENT OF
   CORRECTIONS AND
19  REHABILITATION,

20                                      Defendants.

21

Civil No.    08-0799 IEG

**ORDER SUA SPONTE DISMISSING
COMPLAINT FOR FAILING TO STATE
A CLAIM AND FOR SEEKING
MONETARY DAMAGES AGAINST
IMMUNE DEFENDANTS PURSUANT TO
28 U.S.C. §§ 1915(e)(2) and 1915A(b)**

22
23                          **I.**

24                   **PROCEDURAL HISTORY**

25         On June 9, 2008, Plaintiff, an inmate currently incarcerated at the California Substance

26  Abuse Treatment Facility located in Corcoran, California and proceeding pro se, filed a civil

27  rights Complaint pursuant to 42 U.S.C. § 1983 in the Central District of California.  Plaintiff did

28  not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action;

1  instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C.

2  § 1915(a) [Doc. No. 3].  Because the allegations in Plaintiff's Complaint arose from incidents

3  which occurred at Corcoran State Prison, and no named Defendants were alleged to reside in the

4  Central District, this matter was transferred to the Eastern District of California.

5       The Court granted Plaintiff's Motion to Proceed *IFP* on June 16, 2008 [Doc. No. 5].  On

6  November 25, 2008, this matter was reassigned to Chief Judge Irma E. Gonzalez for all further

7  proceedings [Doc. No. 7].

8  ## II.

9  ### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

10       The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints

11  filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained

12  in any facility [and]  accused of, sentenced for, or adjudicated delinquent for, violations of

13  criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary

14  program," "as soon as practicable after docketing."  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

15  Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any

16  portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from

17  defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203

18  F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443,

19  446 (9th Cir. 2000) (§ 1915A).

20       Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

21  dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  An action is

22  frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319,

23  324 (1989).  However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing

24  an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of

25  the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *Id.* at 1127 ("[S]ection

26  1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint

27  that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)

28  (discussing 28 U.S.C. § 1915A).

08cv0799

1    "[W]hen determining whether a complaint states a claim, a court must accept as true all

2    allegations of material fact and must construe those facts in the light most favorable to the

3    plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

4    "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").  In addition, the Court's

5    duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*,

6    839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v.*

7    *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

8        Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person

9    acting under color of state law committed the conduct at issue, and (2) that the conduct deprived

10    the claimant of some right, privilege, or immunity protected by the Constitution or laws of the

11    United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on*

12    *other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d

13    1350, 1354 (9th Cir. 1985) (en banc).

14        **A.    Eleventh Amendment Immunity**

15        First, Plaintiff names the California Department of Corrections and Rehabilitation

16    ("CDCR") as a Defendant.  (*See* Compl. at 1.)  The State of California and the California

17    Department of Corrections and Rehabilitation,  as an  agency of the State of California, are not

18    "persons" subject to suit and are instead, entitled to absolute immunity from monetary damages

19    actions under the Eleventh Amendment. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44,

20    53-54 (1996); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984); *see also*

21    *Hale v. State of Arizona*, 993 F.2d 1387, 1398-99 (9th Cir. 1993) (holding that a state department

22    of corrections is not a "person" within the meaning of § 1983).   In order to state a claim under

23    § 1983, Plaintiff must identify a "person" who, acting under color of state law, deprived him of

24    a right guaranteed under the Constitution or a federal statute. *See* 42 U.S.C. § 1983.

25        Therefore, Plaintiff's claims for monetary damages against the California Department of

26    Corrections  and  Rehabilitation  are  dismissed  with  prejudice  pursuant  to  28  U.S.C.

27    § 1915(e)(2)(B)(iii).

28    / / /

**B.     Eighth Amendment Claims**

In his Complaint, Plaintiff alleges that while he was working in his prison job assignment in the kitchen he slipped on the floor and injured his eye.  (*See* Compl. at 2.)  Plaintiff seeks to hold the CDCR liable for "negligence" and failure to "insure a safe environment" for employees of the CDCR in violation of his Eighth Amendment rights.  (*Id.*)

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or involves the "unnecessary and wanton infliction of pain." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (citing *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976)).  An Eighth Amendment claim challenging conditions of confinement contains both an objective and a subjective component.  *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Osolinski v. Lane*, 92 F.3d 934, 937 (9th Cir. 1996).  The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).  The subjective component requires the plaintiff to demonstrate that the prison officials acted wantonly, with deliberate indifference to the plaintiff's serious needs.  *See Farmer*, 511 U.S. at 834; *Wilson*, 501 U.S. at 298-99. Deliberate indifference is the reckless disregard of a substantial risk of serious harm.  *See Farmer*, 511 U.S. at 836.  Mere negligence is insufficient to establish deliberate indifference since "Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Id.* at 835 (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

The Court finds that Plaintiff's claims regarding the slippery floor in the prison's kitchen are insufficient to show the denial of a basic human need and therefore fail to show that Plaintiff was subjected to "cruel and unusual punishment" because he had the misfortune to fall.  *See Hudson*, 503 U.S. at 8-9; *Wilson*, 501 U.S. at 298.  Even assuming that Plaintiff's allegations are true, "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment." *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989); *Tunstall v. Rowe*, 478 F. Supp. 87, 89 (N. D. Ill. 1979) (the existence of a greasy staircase which caused a prisoner to slip and fall did not violate the Eighth Amendment); *Snyder v. Blankenship*, 473 F. Supp. 1208, 1212

(W.D. Va. 1979) (failure to repair leaking dishwasher which resulted in a pool of soapy water in which prisoner slipped did not violate Eighth Amendment); *Robinson v. Cuyler*, 511 F. Supp. 161, 163 (E.D. Pa. 1981) ("A slippery kitchen floor does not inflict 'cruel and unusual punishments.'").

Moreover, mere negligence is insufficient to establish an Eighth Amendment claim. *See Farmer*, 511 U.S. at 835.  "Because routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society,' . . . 'only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to form the basis of an Eighth Amendment violation.'" *Hudson*, 503 U.S. at 8-9 (*quoting Rhodes*, 452 U.S. at 347). In short, while Plaintiff's injury is unfortunate, the Eighth Amendment does not require "the provision of every amenity needed to avoid mental, physical, or emotional deterioration." *Alberti v. Klevenhagen*, 790 F.2d 1220, 1228 (5th Cir. 1986).

Plaintiff also has claim regarding inadequate medical care following his injury.  However, he fails to identify any specific individual whom he claims denied him medical attention.  To state an Eighth Amendment claim for deliberate indifference to a serious medical need in particular, Plaintiff must first demonstrate the existence of a serious medical condition of which prison officials should have been aware. *Estelle*, 429 U.S. at 104-05; *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).  A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 104.  A defendant must purposefully ignore or fail to respond to a prisoner's pain or medical need in order to establish deliberate indifference. *McGuckin*, 974 F.2d at 1060.  The indifference to medical needs also must be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

While Plaintiff may have alleged facts sufficient to demonstrate a "serious" medical need, he fails to identify any individual person that was aware of his "serious" medical need, let alone

1  "deliberately indifferent" to it. *Estelle*, 429 U.S. at 104-05.  For these reasons, the Court finds

2  that Plaintiff's Complaint fails to state any Eighth Amendment claim upon which § 1983 relief

3  can be granted, and thus, this action must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)

4  and 1915A(b).  *See Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

5         **C.     Respondeat Superior**

6         In his Complaint, Plaintiff appears to seek to hold W.J. Sullivan, Warden, liable in his

7  supervisory capacity for his claims that he was injured and denied adequate medical care in

8  violation of his constitutional rights.  (*See* Compl. at 2-4.)   However, there is no respondeat

9  superior liability under 42 U.S.C. § 1983.  *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir.

10  1993).  Instead, "[t]he inquiry into causation must be individualized and focus on the duties and

11  responsibilities of each individual defendant whose acts or omissions are alleged to have caused

12  a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo*

13  *v. Goode*,  423 U.S. 362, 370-71 (1976)).

14         In order to avoid the respondeat superior bar, Plaintiff must allege personal acts by each

15  individual Defendant which have a direct causal connection to the constitutional violation at

16  issue. *See Sanders v. Kennedy*, 794 F.2d 478, 483 (9th Cir. 1986); *Taylor v. List*, 880 F.2d 1040,

17  1045 (9th Cir. 1989).  As a supervisor, a Defendant may only be held liable for the allegedly

18  unconstitutional violations of his subordinates if Plaintiff alleges specific facts which show: (1)

19  how or to what extent this supervisor personally participated in or directed Defendants' actions,

20  and (2) in either acting or failing to act, the supervisor was an actual and proximate cause of the

21  deprivation of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

22  As currently pleaded, however, Plaintiff's Complaint in no way sets forth facts which might be

23  liberally construed to support an individualized constitutional claim against Defendant Sullivan.

24         Accordingly, Plaintiff's Complaint is dismissed for failing to state a claim upon which

25  relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).  *See Lopez*, 203 F.3d

26  at 1126-27; *Resnick*, 213 F.3d at 446, n.1.  However, because Plaintiff could possibly cure the

27  defects of pleading identified in this Order, he is hereby granted an opportunity to amend.

28  *Lopez*, 203 F.3d at 1127 (leave to amend is generally appropriate unless the court has

1   determined, "that the pleading could not possibly be cured by the allegation of other facts.").

2   **III.**

3   **CONCLUSION AND ORDER**

4   Good cause appearing, **IT IS HEREBY ORDERED** that:

5   Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim upon

6   which relief may be granted and for seeking monetary damages against immune Defendants.

7   *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).  However, Plaintiff is **GRANTED** forty five (45)

8   days leave from the date this Order is "Filed" in which to file a First Amended Complaint which

9   cures all the deficiencies of pleading noted above.  Defendants not named and all claims not re-

10  alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814

11  F.2d 565, 567 (9th Cir. 1987).

12  Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief

13  may be granted, it may be dismissed without further leave to amend and may hereafter be

14  counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79

15  (9th Cir. 1996).

16

17  **DATED:  December 10, 2008**

18  **IRMA E. GONZALEZ, Chief Judge**
    **United States District Court**

19

20

21

22

23

24

25

26

27

28